**NATICK BROADCAST ASSOCIATES, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**No. 20834.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 21, 1967.

Decided Nov. 7, 1967.

Mr. Jerome S. Boros, New York City, for appellant. Mr. Howard Jay Braun, Washington, D. C., also entered an appearance for appellant.

Mr. Stuart F. Feldstein, Counsel, F. C. C., with whom Messrs. Henry Geller, Gen. Counsel, and John H. Conlin, Associate Gen. Counsel, and Mrs. Lenore G. Ehrig, Counsel, F. C. C., were on the brief, for appellee.

Messrs. Bennett Boskey and Edward A. Groobert, Washington, D. C., filed a brief on behalf of Barkley & Dexter Laboratories, Inc. and Norman L. Rivers as amici curiae.

---

986

Before WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT and TAMM, Circuit Judges.

PER CURIAM.

Home Service Broadcasting Corporation filed an application for a permit to construct a new standard broadcast station on 1060 kilocycles at Natick, Massachusetts, and, pursuant to its rules,[1] the Commission set May 10, 1965, as the cutoff date for the filing of any applications in competition. Appellant Natick Broadcast Associates filed a complete application on May 10, 1965, which the Commission rejected for violation of its overlap rule.[2] Appellant had relied on Figure M–3 data[3] to compute the ground wave contours of its proposal, which data, if properly used, would demonstrate overlap between appellant's proposal and Station KYW, Philadelphia, Pennsylvania. Appellant, however, had made a mistake in its Figure M–3 data computation and its application showed no overlap violation.

Subsequently appellant retendered its application along with a petition for reconsideration. The retendered application included an engineering exhibit consisting of actual field intensity measurement data[4] demonstrating that overlap with KYW would not occur. The Commission denied appellant's request for reconsideration. We think the Commission's action was hypertechnical and arbitrary.

The original complete application filed by Natick on the cut-off day for a permit to construct a broadcast station at Natick, Massachusetts, did not violate the overlap rule. It is true the computation of the Figure M–3 data was in error. But the fact remains that when actual

field intensity measurements were made the proposed station did not violate the overlap rule. The Commission apparently concedes this fact. If in fact Natick's proposed station is shown objectionably to violate the overlap rule, of course the application should be rejected. Otherwise a comparative hearing with the application filed by Home Service Broadcasting Corporation for the 1060-kilocycle frequency at Natick, Massachusetts, must be conducted. Ashbacker Radio Corp. v. F. C. C., 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945).

Remanded for further proceedings.

1. 47 C.F.R. § 1.227(b) (1) and (4), § 1.571(c), § 1.591(b) (Supp.1967).

2. 47 C.F.R. § 73.37(a) (Supp.1967). "Overlap" means interference created by the transmission of the signal of an applicant broadcasting station with the signal transmitted by one or more existing broadcasting stations.

3. Figure M–3 is the Commission's soil conductivity map which provides a method whereby contours can be predicted and plotted without actual field measurements being taken.

4. The Commission's rules state that in demining overlap "field intensity measurements will take precedence over theoretical values." 47 C.F.R. § 73.152 (Supp. 1967).